[Civ. No. 1300. Fifth Dist. Apr. 1, 1971.]

HELEN SCHERRER, Cross-complainant and Respondent, v.
PLAZA MARINA COMMERCIAL CORPORATION,
Cross-defendant and Appellant.

## COUNSEL

Jack H. Berkowitz for Cross-defendant and Appellant.

Crowe, Mitchell, Hurlbutt, Clevenger & Long, Crowe, Mitchell & Crowe and Daniel W. Crowe for Cross-complainant and Respondent.

## OPINION

**GARGANO, J.**—The only issue presented in this appeal is whether the trial judge erred in striking appellant's answer to respondent's cross-complaint and in entering a default judgment in favor of respondent pursuant to the provisions of subdivision (d) of section 2034 of the Code of Civil Procedure. Subdivision (d) reads in pertinent part as follows: "If a party or a person for whose immediate benefit the action or proceeding is prosecuted or defended or anyone who at the time the deposition is set is an officer, director, or managing agent of any such party or person willfully fails to appear before the officer who is to take his deposition, after said party or his attorney has been served with a proper notice in accordance with the provisions of subdivision (a)(4) of Section 2019 of this code, . . . the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party, or impose such other penalties of a lesser nature as the court may deem just, and may order that party or his attorney to pay to the moving party the reasonable expenses in making such motion, including reasonable attorney's fees."

The chronology is this: On February 3, 1969, Mildred D. MacDonald filed suit against respondent to recover a real estate commission in connection with the sale of certain real property by respondent to appellant. Thereupon, respondent cross-complained against appellant seeking indemnification for any judgment the plaintiff secured against her in the main action; respondent alleged that appellant had agreed to hold her harmless from the payment of any commission due to Mrs. MacDonald by reason of the sale.

On August 14, 1969, notice was duly served for the taking of the deposition of appellant's president, Roland Vazquez; the deposition was to take place on August 27, 1969; neither Vazquez nor appellant's attorney appeared at the time and place set for that deposition. Thereafter, the cause was set for pretrail conference, but no appearance was made on behalf of appellant.

On September 24, 1969, respondent served a notice for the taking of Roland Vazquez's deposition on October 6, 1969. Again, both Vazquez and appellant's attorney failed to appear.

On October 15, 1969, respondent duly noticed a motion for an order striking appellant's answer to respondent's cross-complaint and entering appellant's default; the motion was set for hearing on October 28, 1969.

On October 23, 1969, appellant's counsel filed a declaration in opposition to respondent's motion. He alleged that he did not attend the first deposition because he was on vacation and that he instructed his secretary to notify opposing counsel but she failed to do so; no reason was given for Vazquez's failure to appear. Counsel stated that he did not appear at the second deposition because the date scheduled for that deposition fell on a Monday, and in the Superior Court of Ventura County all orders to show cause and law and motion matters were heard only on Monday; he said he had an extensive divorce practice in Ventura County and offered to stipulate to another date, but his offer was refused.

On October 28, 1969, the date set for hearing respondent's motion, respondent's counsel appeared, offered evidence and argued in favor of the granting of the motion; no appearance was made by appellant or anyone on its behalf. At the conclusion of the hearing the court found that Roland Vazquez's failure to appear at the appointed times and places for the noticed depositions was "willful, deliberate and without substantial justification" and granted respondent's motion.

On November 7, 1969, the cause proceeded to trial on plaintiff's complaint, resulting in a judgment against respondent in the amount of $4,320. The court then entered a default judgment against appellant on the cross-complaint for the same amount, together with attorney's fees and costs. This appeal followed.

■ The ultimate sanction of default against a litigant who willfully fails to appear for the taking of his deposition is a drastic penalty which should be sparingly used; ordinarily, it should be used only when lesser sanctions have failed (*Crummer* v. *Beeler*, 185 Cal.App.2d 851 [8 Cal. Rptr. 698]). ■ As the court said in *Caryl Richards, Inc.* v. *Superior*

*Court,* 188 Cal.App.2d 300, 303 [10 Cal.Rptr. 377]: "One of the principal purposes of the Discovery Act (Code Civ. Proc., §§ 2016-2035) is to enable a party to obtain evidence in the control of his adversary in order to further the efficient, economical disposition of cases according to right and justice *on the merits.* [Citations omitted.] Its purpose is not to 'provide a weapon for punishment, forfeiture and the avoidance of a trial on the merits.' " ■ Nevertheless, the unsuccessful imposition of a lesser sanction is not an absolute prerequisite to the utilization of the ultimate sanction authorized by subdivision (d) of section 2034. ■ In the final analysis, the test on appeal is whether the lower court abused its discretion, and each case must be decided on its own facts, with the appellant having the burden of showing an abuse. (*Crummer* v. *Beeler, supra,* 185 Cal.App.2d 851; *Petersen* v. *City of Vallejo,* 259 Cal.App.2d 757, 781 [66 Cal.Rptr. 776].)

■ The record reveals an amazing disregard for the judicial process. Appellant's president and its counsel not only failed to appear at two deposition hearings and a pretrial conference, but they also failed to appear at the hearing on respondent's motion to strike appellant's answer to the cross-complaint.[1] Then, to make matters worse, appellant's counsel sought to justify his failure to appear at the first deposition hearing for the reason that he was on vacation, and at the second because the date fell on a Monday; albeit counsel alleged that orders to show cause and law and motion matters were heard only on Mondays in the Ventura County Superior Court, he did not allege that he had a matter before the court on October 6, 1969, or, if so, that he attempted to secure a continuance of that matter but was unsuccessful. Were we to hold that an attorney and his client can blatantly excuse their failure to appear at two deposition hearings merely because the dates fixed interfered with vacation plans or other business, we would set a precedent which could seriously impair the orderly administration of justice in our already overburdened trial courts.

Appellant suggests that the court should have imposed a lesser sanction before striking its answer to the cross-complaint. However, neither its counsel nor its president saw fit to appear at the hearing on respondent's motion to urge the court to impose a lesser sanction and to assure the court of appellant's cooperation in the future. When all of the circumstances are considered, it hardly can be said that in granting respondent's motion the court exceeded the bounds of reason. ■ As was stated in *Sharon* v.

---

[1]On February 1, 1971, the clerk of this court notified appellant's counsel that the appeal was scheduled for oral argument on March 8, 1971. On March 3, counsel informed the clerk that he was engaged in a jury trial to commence March 8 and would not appear at the argument unless he was granted a continuance. His request was denied and he did not appear, demonstrating the same "take it or leave it" attitude he displayed in the court below.

*Sharon,* 75 Cal. 1, 48 [16 P. 345]: "In a legal sense, discretion is abused whenever, in its exercise, a court exceeds the bounds of reason, all the circumstances before it being considered."

Appellant's remaining contention that the court abused its discretion in granting respondent attorney's fees is devoid of merit and no further comment is necessary.

The judgment is affirmed.

Stone, P. J., concurred.

Brown (G. A.), J., deeming himself disqualified, did not participate.

A petition for a rehearing was denied April 22, 1971, and appellant's petition for a hearing by the Supreme Court was denied June 17, 1971. Peters, J., was of the opinion that the petition should be granted.