[Sac. No. 7941. In Bank. Oct. 20, 1972.]

GEORGE TAKEHARA et al., Plaintiffs, v.
H. C. MUDDOX COMPANY, Defendant and Respondent;
MISSION CLAY PRODUCTS, Claimant and Respondent;
JOHN A. McGUINN et al., Claimants and Appellants.

## COUNSEL

Arnold M. Greenberg for Claimants and Appellants.

Cottrell, Hofvendahl & Roessler, Russell V. Roessler, Kraft & Kraft and Eleanor M. Kraft for Claimant and Respondent.

No appearance for Defendant and Respondent.

## OPINION

**PETERS, J.**—The parties to this appeal are all judgment creditors of H. C. Muddox Company. Muddox recovered a judgment for $24,000 against certain parties not involved in this appeal on July 16, 1968. Prior thereto, on October 20, 1965, Mission Clay Products, respondent herein, obtained an order granting it a lien on the Muddox cause of action and any subsequent judgment pursuant to section 688.1 of the Code of Civil Procedure. Between March and June of 1968, the three appellants herein obtained

orders granting liens on the Muddox cause of action. The trial court ruled that the Mission Clay Products lien would take priority over the later liens, and since that lien when added to the attorney's fees allowed exceeded the amount of the Muddox judgment, the other lien claimants would receive nothing. They have appealed the order of the trial court granting priority to the lien of Mission Clay Products.

The question is whether the judgment creditor who first obtains an order granting him a lien under section 688.1 has priority as against judgment creditors who subsequently obtain such orders or whether all of the judgment creditors share in the debtor's recovery pro rata. We conclude that the judgment creditors have priority based on the date of the orders granting them liens.

Section 688 of the Code of Civil Procedure, which specifies the property subject to execution, was amended in 1941 by the insertion of the proviso, "no cause of action nor judgment as such, shall be subject to levy or sale on execution."

Section 688.1 was added in the same year and now reads in part: "[U]pon motion of a judgment creditor of any party in an action or special proceeding made in the court in which the action or proceeding is pending upon written notice to all parties, the court or judge thereof may, in his discretion, order that the judgment creditor be granted a lien upon the cause of action, and upon any judgment subsequently procured in such action or proceeding, and, during the pendency of such action, may permit such judgment creditor to intervene therein. Such judgment creditor shall have a lien to the extent of his judgment upon all moneys recovered by his judgment debtor in such action or proceeding and no compromise, settlement or satisfaction shall be entered into by or on behalf of such debtor without the consent of such judgment creditor, unless his lien is sooner satisfied or discharged. The clerk or judge of the court shall endorse upon the judgment recovered in such action or proceeding a statement of the existence of the lien, the date of the entry of the order creating the lien, and the place where entered, and any abstract issued upon the judgment shall contain, in addition to the matters set forth in Section 674 of the Code of Civil Procedure, a statement of the lien in favor of such judgment creditor."

By providing that "the court . . . may . . . order that the judgment creditor be granted a lien upon the cause of action, and upon any judgment subsequently procured . . . ." section 688.1 makes clear that the lien is upon the cause of action, that it arises prior to judgment and carries over to the judgment, and that a new lien does not arise upon judgment.

This conclusion is also compelled by the provisions in the section prohibiting compromise or settlement by the judgment debtor without the consent of the judgment creditor.

▮ Orders granting or denying liens under section 688.1 are viewed as final orders in collateral matters subject to appeal. (*McClearen* v. *Superior Court*, 45 Cal.2d 852, 855 et seq. [291 P.2d 449]; *Hersch* v. *Boston Ins. Co.*, 175 Cal.App.2d 751, 753-754 [346 P.2d 796].) ▮ The fact that the parties need not wait to appeal until there is a judgment in the action also signifies that the lien arises prior to judgment.

Section 2897 of the Civil Code provides: "Other things being equal, different liens upon the same property have priority according to the time of their creation, except in cases of bottomry and respondentia."

Under section 688.1 the liens in the instant case arose at the time the trial court entered its orders granting the liens. All of the liens are judgment liens, and there is no claim by appellants that other "things" are not equal. Accordingly, under section 2897, the first lien created takes priority. (Cf. *Del Conte Masonry Co.* v. *Lewis*, 16 Cal.App.3d 678, 681 [94 Cal. Rptr. 439].)

Appellants urge that before any lien of a judgment creditor can attach to property the judgment debtor must own some, that the liens may not attach until the judgment debtor recovers judgment, and that when he acquires a judgment then and only then the judgment liens attach simultaneously. They analogize to cases of a judgment debtor acquiring property subsequent to the judgments against him, where it has been held that the liens of the judgment creditors attach simultaneously. (See, e.g., *Hertweck* v. *Fearon*, 180 Cal. 71, 73 [179 P. 190].)

All of these arguments are to the effect that there is no lien against the cause of action, but the plain language of section 688.1 provides for a lien on the cause of action. Under the express language of the section, the judgment creditor obtains a lien against the cause of action. In the after-acquired title situation, there is nothing to which the lien may attach before the judgment debtor acquires title. In the instant case, section 688.1 expressly provides that the lien attaches to the cause of action prior to the acquisition of the judgment by the judgment debtor.

Appellants also rely upon section 2882 of the Civil Code, which provides: "No lien arises by mere operation of law until the time at which the act to be secured thereby ought to be performed." Apparently no case has ever cited this provision, which was adopted in 1872.

Section 2882 does not postpone the lien of Mission Clay Products. The act to be secured by the lien is the payment of the debt evidenced by the judgment of the judgment creditor, not the payment of the debt involved in the cause of action. Payment of the debt owed to Mission Clay Products is necessarily due at the time the court ordered the lien because the debt had been reduced to judgment prior to the court order. Accordingly, appellants' reliance on section 2882 is misplaced.

Appellants also point out that at the time of the 1941 amendment to section 688 of the Code of Civil Procedure and the addition of section 688.1 of that code, there were conflicting decisions as to whether a cause of action of a judgment debtor could be levied upon or sold. (See 5 Witkin, Cal. Procedure (2d ed. 1971) pp. 3497-3498.) It has been pointed out that there is great danger that the forced sale of a disputed claim will bring far less than it is worth, and it has been suggested that the purpose of the 1941 amendment to section 688 prohibiting levy or sale of a cause of action or judgment was to eliminate this danger. (*Turner* v. *Donovan,* 64 Cal.App.2d 375, 378 [148 P.2d 912].)

It is clear that the danger has been largely if not entirely eliminated. However, it is also clear that at the time of the 1941 amendment to section 688, the Legislature also sought by the enactment of section 688.1 to protect the judgment creditor against the debtor entering into a collusive agreement with his debtor to deprive the judgment creditor of resort to the cause of action or judgment of the judgment debtor. Thus, section 688.1 permits the judgment creditor to obtain a lien and to intervene, and prohibits settlement without his consent.

The historical background is not helpful to any of the parties because the issue here is whether the judgment creditor who obtains a lien also obtains priority against other judgment creditors who later obtain liens. The historical background reflects a legislative intent to determine the rights and duties between the judgment creditor, the judgment debtor, and the latter's debtor; it does not reflect a legislative intent to deal with the relationship between judgment creditors.

We are satisfied that section 688.1 provides for creation of a lien against a cause of action at the time of the trial court's order granting the lien, that the section does not establish any special rule of priority between lien claimants, and that the ordinary rule set forth in section 2897 establishing priority on the basis of time of creation of the liens is determinative. Although it might be argued that it would be more equitable to permit

lienholders to share pro rata in the subsequent recovery, the statutes are clear, and they are controlling.

The order appealed from is affirmed.

McComb, Acting C. J., Tobriner, J., Mosk, J., Burke, J., and Schauer, J.,* concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.