[Civ. No. 39076. First Dist., Div. Four. Oct. 27, 1976.]

SALAH ATIYA, Plaintiff and Respondent, v.
EDWARD PHILLIP DI BARTOLO et al.,
Defendants and Respondents;
INDEPENDENT PLUMBING COMPANY, INC.,
Claimant and Appellant.

**COUNSEL**

Fullerton, Lang, Richert & Patch and Jeff Wall for Claimant and Appellant.

Marks, Hawkins, Jacobs & Ladd and Charles F. Hawkins for Plaintiff and Respondent.

Nagle, Vale, McDowall & Cotter, Hauerken, St. Clair, Zappettini & Hine and Robert L. Hines for Defendants and Respondents.

**OPINION**

**CHRISTIAN, J.**—Independent Plumbing Co., Inc. appeals from an order denying a lien on a cause of action in which appellant's judgment debtor (Atiya) is plaintiff. A motion by appellant "For an Order for Lien in Cause of Action" was submitted on declarations which established that appellant had obtained a judgment against Atiya in a Fresno municipal court action in the sum of $3,500. This judgment remained unsatisfied, wherefor appellant moved pursuant to section 688.1 of the Code of Civil Procedure for a lien on and the right to intervene in Atiya's pending superior court action in order to obtain satisfaction from any recovery which might accrue to Atiya. The motion was denied.

The record contains no evidence supporting denial of the motion other than the following statement (appearing in identical separate declarations executed by counsel for two defendants in the San Mateo County

action): "[I]n the opinion of declarant, the imposition of a lien will make settlement discussions virtually impossible."

Appellant contends that the trial court's order denying appellant the lien claim was an abuse of discretion. First, it is argued that there was no evidence supporting the order; appellant points out that the only evidence offered in opposition to the motion was opinion evidence unsupported by facts. Second, appellant argues that even if counsel's opinions concerning the possible adverse effects of a judgment lien on settlement negotiations were properly before the court, they could not have formed a reasonable basis for denial of a lien. Both contentions are sound.

Prior to 1941, a creditor holding an unsatisfied judgment could, under section 688 of the Code of Civil Procedure, directly levy upon and sell a pending cause of action in which his judgment debtor was plaintiff. (*Roseburg Loggers, Inc.* v. *U.S. Plywood-Champion Papers, Inc.* (1975) 14 Cal.3d 742, 746-747 [122 Cal.Rptr. 567, 537 P.2d 399]; see *Everts* v. *Will S. Fawcett Co.* (1937) 24 Cal.App.2d 213, 215-217 [74 P.2d 815]; *Meserve* v. *Superior Court* (1934) 2 Cal.App.2d 468, 472-473 [38 P.2d 453].) This procedure proved to be unsatisfactory because the forced sale of the judgment debtor's disputed cause of action often brought much less than the cause of action was actually worth. (*Roseburg Loggers, Inc.* v. *U.S. Plywood-Champion Papers, Inc., supra,* 14 Cal.3d at p. 747.) In an apparent effort to eliminate such waste of assets, the Legislature amended section 688 (Stats. 1941, ch. 1148, p. 2856) to prohibit execution sales of causes of action or judgments. (*Roseburg Loggers, Inc.* v. *U.S. Plywood-Champion Papers, Inc., supra,* at p. 747; *Turner* v. *Donovan* (1944) 64 Cal.App.2d 375, 378 [148 P.2d 912].)

Concurrently, the Legislature enacted section 688.1 of the Code of Civil Procedure, providing a new procedure whereby a judgment creditor could attempt to obtain satisfaction by means of a lien on his debtor's pending cause of action. (Stats. 1941, ch. 1148, pp. 2856-2857.)

"Evidently this section was intended to give the judgment creditor a new means of reaching a cause of action belonging to his judgment

debtor and upon which an action is pending, since, under the amend-ment to Section 688, the cause of action no longer can be levied upon and sold on execution. . . . Since experience has demonstrated that a cause of action upon which an action is pending does not bring very much on execution sale the remedy now provided for by Section 688.1 is a more just and reasonable one. It protects the judgment creditor and gives him adequate relief and at the same time does not produce unfair hardship insofar as the judgment debtor is concerned." (*The Work of the 1941 Legislature* (1941) 15 So.Cal.L.Rev. 1, 18.)

Section 688.1 provides in relevant part that "upon motion of a judgment creditor of any party in an action or special proceeding made in the court in which the action or proceeding is pending upon written notice to all parties, the court or judge thereof may, in his discretion, order that the judgment creditor be granted a lien upon the cause of action, and upon any judgment subsequently procured in such action or proceeding, and, during the pendency of such action, may permit such judgment creditor to intervene therein." The statute also provides that any lien granted the judgment creditor shall be to the extent of his judgment and "no compromise, settlement or satisfaction shall be entered into by or on behalf of such debtor" without the creditor's consent.

The imposition of a judgment creditor's lien is explicitly left by the language of the statute to the discretion of the trial judge. ■ In general, the only limitation that the law places upon the exercise of judicial discretion is that it must not be abused. (*Berry* v. *Chaplin* (1946) 74 Cal.App.2d 652, 672 [169 P.2d 442].) As was stated in the early case of *Lybecker* v. *Murray* (1881) 58 Cal. 186, 189, "Under no circumstances is the discretion of the Court to be exercised arbitrarily, but it is a discretion, governed by legal rules, to do justice according to law or to the analogies of the law, as near as may be. . . . It must be exercised within the limitations above stated to promote substantial justice in the case." ■ Discretion is abused in the legal sense whenever, in its exercise, a court exceeds the bounds of reason, all the circumstances before it being considered. (*Scherrer* v. *Plaza Marina Coml. Corp.* (1971) 16 Cal.App.3d 520, 525 [94 Cal.Rptr. 85].) ■ The burden rests upon

the appellant to establish that the trial court exceeded the limits of its discretion. (*Rouse* v. *Palmer* (1961) 197 Cal.App.2d 666, 669 [17 Cal.Rptr. 509].)

The only evidence which could have prompted the trial court to deny appellant's motion was the statement made in two declarations of respondents' counsel to the effect that imposition of a lien would impede settlement negotiations. ■ The rule generally stated is that affidavits or declarations setting forth only conclusions, opinions or ultimate facts are to be held insufficient. (*Fuller* v. *Goodyear Tire & Rubber Co.* (1970) 7 Cal.App.3d 690, 693 [86 Cal.Rptr. 705].) Even an expert's opinion cannot rise to the dignity of substantial evidence if it is unsubstantiated by facts. (*Griffith* v. *County of Los Angeles* (1968) 267 Cal.App.2d 837, 847 [73 Cal.Rptr. 773].) Here, there was no attempt on the part of the declarants to lay a foundation for their opinions; the declarations merely set forth conclusions without the slightest factual basis. The declarations were thus insufficient to support denial of the lien claim.

■ Moreover, the asserted possibility that the lien might frustrate settlement negotiations is not a valid basis for the court's order. ■ Section 688.1 is "remedial in nature and should be liberally construed to give effect to the remedy which it authorizes." (*McClearen* v. *Superior Court* (1955) 45 Cal.2d 852, 856 [291 P.2d 449].) One of the Legislature's prime purposes in enacting section 688.1 was "to protect the judgment creditor against the debtor entering into a collusive agreement with his debtor to deprive the judgment creditor of resort to the cause of action or judgment of the judgment debtor." (*Takehara* v. *H. C. Muddox Co.* (1972) 8 Cal.3d 168, 172 [104 Cal.Rptr. 345, 501 P.2d 913].) Indeed, the statute gives the judgment creditor the right to approve any "compromise, settlement or satisfaction" entered into between the judgment debtor and his debtor. (Code Civ. Proc., § 688.1.) ■ It thus appears that the potential frustration of settlement negotiations is not alone sufficient to sustain an order denying a lien claim under section 688.1. If the possibility of an adverse effect on settlement negotiations could support denial of a lien against this pending cause of action, it would be so in all cases, and section 688.1 would be vitiated.

Respondents contend that the order of the trial court should be upheld because appellant still has available to it other legal remedies to enforce and/or levy execution on its judgment. This contention assumes without proof that the judgment debtor was possessed of other assets subject to

levy. ██ A substantial showing that other assets were available might justify the court in denying a lien; but so far as the present record shows, the cause of action which appellant has attempted to obtain a lien upon is the debtor's only asset of any real value.

The order is reversed.

Caldecott, P. J., and Rattigan, J., concurred.