Opinion
 

 BROUSSARD, J.
 
 *
 

 —This appeal is taken on the judgment roll from a judgment of the Superior Court of San Mateo County impressing and giving priority to a lien upon a judgment pursuant to section 688.1 of the Code of Civil Procedure and denying appellants’ motion to offset their judgment against the liened judgment. Appellants make several contentions: (1) that the trial court improperly impressed the lien upon the judgment without relitigating respondent’s entitlement thereto following a reversal on an earlier appeal of an order of the trial court denying the lien; (2) that the court improperly found that appellants were not due rent for the period prior to and during the receivership of the leased premises; and (3) that the trial court erroneously gave priority to the lien upon the judgment and denied appellants’ claim of equitable offset. This latter contention presents a question of first impression in this state.
 

 Preliminarily, we deny the motion to dismiss this appeal as frivolous. We have concluded that appellants’ first and second contentions are without merit. As to the third contention, we have concluded that the
 
 *913
 
 trial court erred in giving priority to the lien upon the judgment and denying appellants’ claim of equitable offset. The conclusions we have reached require some discussion of the unpublished opinion of Division. Two of this court upon the earlier appeal.
 
 (Salaman
 
 v.
 
 Bolt,
 
 1 Civ. 37577.) We set forth the facts only to the extent necessary to resolve the issues presented by this appeal.
 

 In May 1969 J. Franklin Salaman and Joseph Waldo Salaman (hereinafter appellants) entered into a 30-year lease with Albert D. Bolt (hereinafter Bolt) and Thomas Seeger for land and improvements commonly known as Redwood Marina. Seeger subsequently assigned his interest in the lease to Bolt, leaving him as the sole lessee. Appellant J. Franklin Salaman subleased a portion of the leased premises. Subsequently, appellants commenced proceedings in unlawful detainer against Bolt alleging a two-month default in the payment of rent. Appellants caused a receiver to be appointed to take possession of the leased property pursuant to a provision in the lease giving them that right upon any default by the lessee. Bolt was represented in the unlawful detainer action by Field, DeGoff, Huppert & MacGowan, a law corporation (hereinafter Field). Bolt obtained a judgment on November 6, 1973. The judgment was predicated upon equitable grounds. The court found that Salaman, as sublessee, had intentionally withheld payment of rent in retaliation against Bolt’s refusal to agree to a modification of the primary lease, and that his conduct constituted “oppressive, retaliatory and inequitable conduct.” The court further found that Bolt was entitled to an award of $8,000 attorneys’ fees and to costs.
 

 On May 20, 1975, Bolt confessed to judgment in favor of Field in the amount of $31,036.52 covering attorneys’ fees for services rendered, inter alia, in defending the unlawful detainer action. On May 29, 1975, Field noticed a motion to impress a lien pursuant to the provisions of Code of Civil Procedure section 688.1
 
 [1]
 
 upon Bolt’s cause of action for attorneys’ fees and upon any judgment rendered thereon. This motion was denied on June 13, 1975. Field appealed the denial order and Division Two of this court reversed on April 23, 1976.
 

 
 *914
 
 On June 23, 1975, Bolt’s judgment in the unlawful detainer action was modified to include the award of $8,000 attorneys’ fees. In an unrelated action (Superior Court, San Mateo, No. 176932) appellants recovered a judgment by default against Bolt for $6,214.44 and on April 14, 1976, filed a motion, to offset their judgment against Bolt’s judgment for attorneys’ fees. This motion was amended on April 23, 1976 to include their claim for rent allegedly due for the period prior to and during which the receiver was in possession of the leased premises. Before this motion was heard, the decision reversing the denial of Field’s motion was rendered. Field opposed appellants’ motion urging that his right to a lien upon the judgment and the priority of that lien over appellants’ claim of offset had been determined by the decision on appeal. He further urged that the general verdict in Bolt’s favor in the unlawful detainer action constituted a finding against appellants on the rent they claimed to be due. On the hearing on appellants’ motion, the court found that appellants were not entitled to the rent claimed, and that Field had a valid lien with priority over appellants’ claim of offset. The court endorsed Field’s lien upon the judgment and denied appellants’ offset. It is from the ensuing judgment that this appeal is taken.
 

 1. The order impressing the lien upon the judgment.
 

 Citing the rule that a general or unqualified reversal vacates the judgment and returns the case for further proceedings as if no judgment had ever been rendered (see generally,
 
 People
 
 ex rel.
 
 Dept. Pub. Wks.
 
 v.
 
 Lagiss
 
 (1963) 223 Cal.App.2d 23, 44 [35 Cal.Rptr. 554]; see also
 
 Erlin
 
 v.
 
 National Union Fire Ins. Co.
 
 (1936) 7 Cal.2d 547, 549 [61 P.2d 756];
 
 Estate of Pusey
 
 (1918)
 
 177
 
 Cal. 367, 371 [170 P. 846];
 
 Davies
 
 v.
 
 Krasna
 
 (1970) 12 Cal.App.3d 1049, 1053 [91 Cal.Rptr. 250] [cert. den., 403 U.S. 931 (29 L.Ed.2d 710, 91 S.Ct. 2253)];
 
 Bate
 
 v.
 
 Marsteller
 
 (1965) 232 Cal.App.2d 605, 618 [43 Cal.Rptr. 149];
 
 Weightman
 
 v.
 
 Hadley
 
 (1956) 138 Cal.App.2d 831, 836 [292 P.2d 909];
 
 Rossi
 
 v.
 
 Caire
 
 (1919) 39 Cal.App.
 
 *915
 
 776, 778 [180 P. 58]), appellants contend that the superior court erroneously endorsed Field’s lien upon the judgment without relitigating the issue of Field’s entitlement thereto. (2) This general rule has a well recognized exception which was stated as follows in
 
 Stromer
 
 v.
 
 Browning
 
 (1968) 268 Cal.App.2d 513, 518-519 [74 Cal.Rptr. 155]: “The fact that the rule we discuss is a ‘general’ rule implies that it has limitations. One limitation is that a case is to be set at large for retrial only when that is the intent of the appellate court. ‘Judgment reversed’ at the end of an opinion is, of course, strong indication of such intent. But when the opinion as a whole establishes a contrary intention, the rule is inoperative. To hold otherwise would be to make a fetish of form.” (See also
 
 Barth
 
 v.
 
 B. F. Goodrich Tire Co.
 
 (1971) 15 Cal.App.3d 137 [92 Cal.Rptr. 809].)
 

 Appellants recognize the
 
 Stromer
 
 exception, but contend that it is not here applicable because there were factual issues to be litigated on a rehearing. Field argues that a reading of the opinion indicates that the court intended to end litigation on the question of the lien, and that the reversal order was properly treated as a reversal with directions to impress the lien upon the judgment. With this we agree. The order of the trial court was reversed with the following language: “It follows.that the trial court abused its discretion in denying the judgment hen. The order is reversed.” Despite the absence of express language reversing with directions, it is clear that the intended effect of the court’s decision was to require that the lien be impressed without further litigation on the issue of Field’s right thereto. The judgment awarding Bolt attorneys’ fees as the prevailing party in the unlawful detainer action had become final, as was Field’s judgment against Bolt. There was no allegation or showing of any fraud or collusion between Field and Bolt. The reviewing court reasoned that Code of Civil Procedure section 688.1 “is remedial in nature and should be liberally construed to give effect to the remedy that it authorizes [citations].” Under these circumstances, the
 
 Stromer
 
 exception to the general rule requiring retrial after a general reversal applies. The trial court’s order that Field’s lien be impressed upon Bolt’s .judgment against appellants was proper.
 

 2. The claim for rent.
 

 Appellants claim that they are entitled to offset, in addition to their judgment against Bolt, their claim for rent allegedly due prior to and during the period of the receivership. The unlawful detainer action against Bolt was commenced by appellants on the allegation-of Bolt’s
 
 *916
 
 default in rent payments. The judgment in Bolt’s favor in that action is now final and is dispositive of this issue. That judgment was grounded on equitable principles and upon the finding that appellant J. Franklin Salaman intentionally withheld, rent due Bolt in retaliation for Bolt’s refusal to agree to a modification of his lease, and that this conduct was oppressive and inequitable. No rent was awarded appellants in that action. The issue has been adjudicated and determined in Bolt’s favor. Appellants are now estopped to assert a claim for rent for the period covered by that action, and the trial court correctly so found.
 
 (Todhunter
 
 v.
 
 Smith
 
 (1934) 219 Cal. 690 [28 P.2d.916];
 
 Teitelbaum Furs, Inc.
 
 v.
 
 Dominion Ins. Co., Ltd.
 
 (1962) 58 Cal.2d 601 [25 Cal.Rptr. 559, 375 P.2d 439];
 
 Bernhard
 
 v.
 
 Bank of America
 
 (1942) 19 Cal.2d 807, 810 [122 P.2d 892];
 
 Beverly Hills Nat. Bank
 
 v.
 
 Glynn
 
 (1971) 16 Cal.App.3d 274, 283 [93 Cal.Rptr. 907].)
 

 3. The question of priority.
 

 We now reach the principal issue presented on this appeal: whether the trial court properly gave priority to Field’s lien and denied appellants’ claim to offset their judgment against Bolt’s judgment. The question thus presented is one of first impression in this state.
 

 We are compelled to point out that language in the opinion of Division Two of this court on the first appeal clearly indicates that priority should be given to Field’s lien over appellants’ claim of offset. In its opinion, the court discussed Civil Code section 2897
 
 [2]
 
 and the rule of
 
 Takehara
 
 v.
 
 H. C. Muddox
 
 (1972) 8 Cal.3d 168, 170 [104 Cal.Rptr. 345, 501 P.2d 913], that the priority of the judgment creditors depends on the date of the orders creating their liens. The court reasoned that since appellants here had not shown that they had any lien which predated Field’s lien, the trial coúrt’s order denying Field’s motion should be reversed. The opinion of the court was incorporated by reference in an affidavit filed by Field in opposition to appellants’ motion. The trial court relied upon that language in making its order herein appealed from. The court referred to the decision reversing denial of the lien and concluded “that by reason thereof, the claim of Field, DeGoff, Huppert & MacGowan, a law corporation, has priority over plaintiffs’ claims and the claims of equitable set-off of the plaintiffs should be denied.” Appellants contend that the court erroneously concluded that
 
 *917
 
 priority should be given to Field’s lien over their claim of offset. On the other hand, Field contends that the priority of its lien is established as the law of the case. Should that contention have merit, appellants’ claim would necessarily be defeated since the amount of Field’s lien exceeds the amount of Bolt’s judgment against appellants.
 

 Under the rule of the law of the case,- the statement by an appellate court of a rule of law necessary to the decision of the case on appeal conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial on appeal in the same case. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 463 et seq., p. 4419, and cases there cited.) However, the stated rule of law relied upon as the law of the case must have been necessary to the decision of the case on appeal. Obiter dicta is not included in the law of the case. (See
 
 Gyerman
 
 v.
 
 United States Lines Co.
 
 (1972) 7 Cal.3d 488, 498 [102 Cal.Rptr. 795, 498 P.2d 1043];
 
 Stockton Theatres
 
 v.
 
 Palermo
 
 (1956) 47 Cal.2d 469, 474 [304 P.2d 7];
 
 Tomaier
 
 v.
 
 Tomaier
 
 (1944) 23 Cal.2d 754, 757 [146 P.2d 905].)
 

 The only issue before the court on Field’s appeal was his entitlement to a lien, and not the priority "of his lien over other possible claims. As the opinion itself so aptly put it: “The only question presented by this appeal is whether the trial court abused its discretion in denying a motion to impress a judgment lien against a prior judgment for $8,000 for attorneys’ fees awarded to the attorneys of the tenant (Bolt),[
 
 3
 
 ] after the successful defense of an action for unlawful detainer and back rent filed by the landlords (Salaman).’’ However, the conclusion of the court was not only that the trial court had abused its discretion in denying the motion, but also that Field’s lien was entitled to priority over any claims of appellants since appellants had not shown that they had any claims predating Field’s lien.
 

 We conclude that the issue of priority was not properly before the court and that the statements regarding priority are dicta, and therefore, not included within the law of the case. The court below, in deciding whether to allow appellants’ claim of equitable offset, was called upon for the first time to determine the priority to be given to appellants’ claim as against Field’s lien. As already indicated, giving priority to Field’s lien would defeat appellants’ offset since Field’s lien exceeded the amount of Bolt’s judgment against appellants. Had the
 
 *918
 
 court given priority to appellants’ claim of equitable offset, Field’s lien would reach only the excess, if any, remaining after appellants’judgment had been offset. We are therefore called upon to determine whether it was proper for the trial court to give priority to Field’s lien. We have concluded that it was not.
 

 No case has been cited to us, and we have found none, that is directly dispositive of the issue before us. Among nonparty lien claimants, the basic rule is well established that they have priority according to the time of the orders creating their liens, “other things being equal.” (Civ. Code, § 2897;
 
 Takehara
 
 v.
 
 H. C. Muddox, supra,
 
 8 Cal.3d 168.) Flowever, the general intendment of the cases, as we read them, is that as between a statutory lien and a right of equitable offset, things are not equal and the offset is given an equitable preference. A lien is a charge imposed in some mode other than by a transfer in trust upon specific property by-which it is made security for the performance of an act. (Civ. Code, § 2872; see 3 Witkin, Summary of Cal. Law (8th ed. 1973) Personal Property, § 144, pp. 1732-1733.) On the other hand, equitable offset is a means by which a debtor may satisfy in whole or in part a judgment or claim held against him out of a judgment or claim which he has subsequently acquired against his judgment creditor. The right exists independently of statute and rests upon the inherent power of the court to do justice to the parties before it. (See generally,
 
 Erlich
 
 v.
 
 Superior Court
 
 (1965) 63 Cal.2d 551 [47 Cal.Rptr. 473, 407 P.2d 649];
 
 Highsmith
 
 v.
 
 Lair
 
 (1955) 44 Cal.2d 298 [281 P.2d 865];
 
 Harrison
 
 v.
 
 Adams
 
 (1942) 20 Cal.2d 646 [128 P.2d 9];
 
 Haskins
 
 v.
 
 Jordan
 
 (1898) 123 Cal. 157 [55 P. 786].) As was stated by our Supreme Court in
 
 Harrison
 
 v.
 
 Adams, supra:
 
 “[I]t is well settled that a court of equity will compel a set-off when mutual demands are held under such circumstances that one of them should be applied against the other and only the balance recovered. The insolvency of the party against whom the relief is sought affords sufficient ground for invoking this equitable principle. [Citations.] And a judgment debtor who has, by assignment or otherwise, become the owner of a judgment or claim against his judgment creditor, may go into the court in which the judgment against him was rendered and have his judgment offset against the first judgment. [Citations.]”
 
 (Id.,
 
 at pp. 648-649.)
 

 In
 
 Highsmith
 
 v.
 
 Lair, supra,
 
 relying upon
 
 Harrison,
 
 the court gave priority to a claim of equitable offset against a prior federal government tax lien and noted that “[t]he rights acquired by the government as coowner of the debt never were greater than those which would have
 
 *919
 
 been acquired by an assignee of Lair.” (44 Cal.2d at p. 303.) Thus, the rights acquired by a lien claimant are never greater than those of his judgment debtor. As a general rule, the assignee of a chose in action stands in the shoes of his assignor, taking his rights and remedies subject to any right to offset or other defenses existing against the assignor prior to actual notice of the assignment. (Civ. Code, § 1459; Code Civ. Proc., § 368.)
 

 The language of Code of Civil Procedure section 688.1 is consistent with this general approach. This section was enacted in 1941 at the same time that the Legislature amended section 688 of that code to prohibit a judgment creditor from levying execution upon his debtor’s cause of action or judgment. Experience showed that substantially less than fair value was frequently realized upon such sales. (See
 
 Lantin
 
 v.
 
 Biscailuz
 
 (1939) 35 Cal.App.2d 422 [95 P.2d 962].) The Legislature obviously intended to end this harsh practice and to substitute a procedure whereby a judgment creditor could obtain a lien to the extent of his judgment “upon all moneys recovered by his judgment debtor” in the action or proceeding. The intent of the Legislature was to create in the judgment creditor, to the extent of his lien, rights coextensive with but not greater than those of his debtor. The “moneys recovered” by a judgment debtor in an action are the sums due him after a full determination of the respective claims and offsets of the parties to that action. To hold otherwise would create in the judgment creditor a right greater than that of his debtor. Such a result would not comport with the intent of the Legislature.
 

 In
 
 Margott
 
 v.
 
 Gem Properties, Inc.
 
 (1973) 34 Cal.App.3d 849, 856 [111 Cal.Rptr. 1], the court refused to allow the right of offset to be defeated by an earlier contractual lien in favor of the respondent’s attorney to secure his fee of 40 percent of all amounts received by respondent in the event of trial. The court said: “Since the offset to which appellants were entitled on the record which is now before us results in respondent receiving essentially nothing, no contingent fee was due. Any lien of respondent’s counsel to secure his fee thus secures nothing that is owed [citation], and is ineffective to defeat appellant’s right of offset. [Citation.]”
 

 We conclude that the offset of judgment against judgment is a matter of right absent the existence of some facts establishing an equitable principle precluding it.
 
 (Harrison
 
 v.
 
 Adams, supra,
 
 20 Cal.2d 646 at pp. 648-649;
 
 Norman
 
 v.
 
 Berney
 
 (1965) 235 Cal.App.2d 424, 434 [45
 
 *920
 
 Cal.Rptr. 467];
 
 Margott
 
 v.
 
 Gem Properties, Inc., supra,
 
 34 Cal.App.3d at p. 854.) In the court below, Field raised the equitable defenses of laches and unclean hands. The findings in the underlying unlawful detainer action establish that in that proceeding appellants acted in a retaliatory and inequitable manner. As a consequence thereof, Bolt prevailed in that action and was awarded $8,000 attorneys’ fees. However, the judgment which appellants seek to offset is a judgment in an unrelated matter which was obtained by default and which has become final. Neither inequitable conduct nor laches defeating the right of offset appears on the record before us. We hold, therefore, that it was error for the trial court to give priority to Field’s lien and to deny appellants’ right of offset.
 

 The motion to dismiss the appeal is denied, and the judgment is reversed with directions to allow appellants to offset their judgment against Bolt’s judgment with Field’s lien reaching only the excess, if any, remaining thereafter.
 

 Racanelli, P. J., and Elkington, J., concurred.
 

 *
 

 Assigned by the Chairperson of the Judicial Council.
 

 [1]
 

 Section 688.1 of the Code of Civil Procedure reads as follows: “(a) Except as provided for in subdivision (b), upon motion of a judgment creditor of any party in an action or special proceeding made in the court in which the action or proceeding is pending upon written notice to all parties, the .court or judge thereof may, in his discretion, order that the judgment creditor be granted a lien upon the cause of action, and upon any judgment subsequently procured in such action or proceeding, and, during the pendency of such action, may permit such judgment creditor to intervene therein. Such judgment creditor shall have a lien to the extent of his judgment upon all moneys
 
 *914
 
 recovered by his judgment debtor in such action or proceeding and no compromise, settlement or satisfaction shall be entered into by or on behalf of such debtor without the consent of such judgment creditor, unless his lien is sooner satisfied or discharged. The clerk or judge of the court shall endorse upon the judgment recovered in such action or proceeding a statement of the existence of the lien, the date of the entry of the order creating the lien, and the place where entered, and any abstract issued upon the judgment shall contain, in addition to the matters set forth in Section 674 of the Code of Civil Procedure, a statement of the lien in favor of such judgment creditor. [1] (b) Nothing in this section shall be construed to permit an assignee by operation of law of a party to a personal injury action to acquire any interest in or lien rights upon any moneys recovered by such party for general damages.”
 

 [2]
 

 Civil Code section 2897 reads as follows: “Other things being equal, different liens upon the same property have priority according to the time of their creation, except in cases of bottomry and respondentia.”
 

 [3]
 

 The judgment actually awarded attorneys’ fees to Bolt and not to his attorneys.