[Civ. No. 61158. Second Dist., Div. One. Oct. 7, 1981.]

FRANK NICOLETTI, Plaintiff, v.
DUILLIO LIZZOLI, Defendant;
PAUL HENRY, Claimant and Appellant;
JOHN MINYE, Claimant and Respondent.

COUNSEL

Plotkin & Saltzburg and Adam E. Hofberg for Claimant and Appellant.

Kenneth B. Sabo and Mary L. Quillin for Claimant and Respondent.

OPINION

DEVICH, J.*—

SUMMARY

Appellant Henry, a judgment creditor of plaintiff Nicoletti, obtained an interest in the proceeds of a personal injury action between plaintiff Nicoletti and defendant Lizzoli by virtue of a judicially created lien based on Code of Civil Procedure section 688.1.[1]

---

*Assigned by the Chairperson of the Judicial Council.

[1]"(a) Except as provided for in subdivision (b), upon motion of a judgment creditor of any party in an action or special proceeding made in the court in which the action or proceeding is pending upon written notice to all parties, the court or judge thereof may, in his discretion, order that the judgment creditor be granted a lien upon the cause of action, and upon any judgment subsequently procured in such action or proceeding, and during the pendency of such action, may permit such judgment creditor to intervene therein. Such judgment creditor shall have a lien to the extent of his judgment upon all moneys recovered by his judgment debtor in such action or proceeding and no compromise, settlement or satisfaction shall be entered into by or on behalf of such debtor without the consent of such judgment creditor, unless his lien is sooner satisfied or discharged. The clerk or judge of the court shall endorse upon the judgment recovered in such action or proceeding a statement of the existence of the lien, the date of the entry of the order creating the lien, and the place where entered, and any abstract issued upon the judgment shall contain, in addition to the matters set forth in Section 674 of the Code of Civil Procedure, a statement of the lien in favor of such judgment creditor.

"(b) Nothing in this section shall be construed to permit an assignee by operation of law of a party to a personal injury action to acquire any interest in or lien rights upon any moneys recovered by such party for general damages."

The respondent Dr. John Minye, a physician, rendered medical service to plaintiff Nicoletti for injuries incurred as a result of the personal injury.

This is an appeal by appellant Henry from a June 19, 1980, order of Judge Leon Savitch of the Los Angeles Superior Court, in the distribution of the settlement proceeds of the Nicoletti v. Lizzoli personal injury cause of action.

## STATEMENT OF FACTS

On August 27, 1975, a money judgment was entered in favor of appellant Henry and against Nicoletti and others in the amount of $33,559.30. This matter was separate and distinct from the Nicoletti v. Lizzoli personal injury case. After accrued interest was added to a writ of execution and partial satisfaction, a net balance of $39,467.91 was still due and owing to Henry from Nicoletti.

On April 30, 1980, settlement was reached in the Nicoletti v. Lizzoli matter. Under the agreement, the attorneys for the judgment creditor, Henry, agreed to approve the settlement in the amount of $7,500 on the condition that the settlement proceeds would be placed in the trust account of Daniel R. Bucknum, attorney for Nicoletti, to be held pending a determination as to whom the proceeds of the settlement should be distributed.

The Nicoletti v. Lizzoli personal injury action arose out of a July 26, 1974, automobile action in which Nicoletti sustained injuries. After the accident, the following medical services were provided to Nicoletti:

| "Doctors | Dates of Liens | Amount of Liens |
|---|---|---|
| John Minye, M.D. | 10-08-74 | $2,106.00 |
| Sacred Heart Radiological Group | 9-23-74 | $165.00 |
| Sunset Physical Therapy | 9-23-74 | $258.00 |
| Ronald M. Lawrence, M.D. | 9-23-74 | $ 75.00" |

In none of the above services was there a financing statement filed to perfect a security interest in the Nicoletti recovery.

On October 15, 1975, judgment creditor, Henry, caused a notice of motion for lien under Code of Civil Procedure section 688.1 to be filed

with the Los Angeles Superior Court on the Nicoletti v. Lizzoli cause of action and on any money judgment subsequently procured in said action. The motion came on for hearing on November 3, 1975. After oral argument the court granted the motion of Henry. Notice of ruling was filed and the court's order for lien on judgment was signed on November 11, 1975.

On May 30, 1980, Nicoletti, through his attorney of record, made an ex parte application to the court for an order regarding distribution of the $7,500 in settlement proceeds in the Nicoletti v. Lizzoli action.

The order to show cause regarding the distribution of the settlement proceeds was heard on June 19, 1980.

After hearing the oral argument on the issues, the court ruled that pursuant to stipulation, the sum of $3,104 was to be paid to Bucknum and Levine as attorneys' fees for Nicoletti. The court then distributed the settlement proceeds as follows:

| | |
|---|---|
| "Bucknum & Levine (attorneys fees and costs) | $3,104.00 |
| John Minye, M.D. | 2,106.00 |
| Sacred Heart Radiological Group | 165.00 |
| Sunset Physical Therapy | 258.00 |
| Ronald M. Lawrence, M.D. | 75.00 |
| Plotkin & Saltzburg (on behalf of Cal-State Leasing and Paul Henry) | 1,792.00 |
| TOTAL: | $7,500.00" |

On a motion by the attorneys for Henry, the court ordered the distribution of the balance of the settlement proceeds to the lien claimants stayed through and including July 19, 1980.

On July 18, 1980, appellant Henry filed a notice of appeal on the June 19, 1980, order of distribution.

But the attorneys for appellant Henry did not obtain a stay of execution of the order distributing the settlement proceeds. And on July 23, 1980, the attorneys for Nicoletti distributed the proceeds pursuant to the June 19, 1980, order.

Appellant received and negotiated a check for $1,792, a fact which appellant does not dispute.

CONTENTIONS

I

The trial court committed error in subordinating the statutory lien of appellant and judgment creditor Henry to the consensual liens of the doctors.

The language of Code of Civil Procedure section 688.1 was adopted to prohibit a judgment creditor from levying execution upon his debtor's cause of acton or judgment.

Experience has shown that substantially less than fair value was frequently realized upon such sales. (*Rosenburg Loggers, Inc. v. U.S. Plywood-Champion Papers, Inc.* (1975) 14 Cal.3d 742, 746 [122 Cal.Rptr. 567, 537 P.2d 399].)

The Legislature intended a procedure whereby a judgment creditor could obtain a lien to the extent of his judgment "'upon all moneys recovered by his judgment debtor'" in the action or proceeding. The intent of the Legislature was to create in the judgment creditor, to the extent of his lien, rights coextensive with but not greater than those of his debtor. (*Salaman v. Bolt* (1977) 74 Cal.App.3d 907, 919 [141 Cal. Rptr. 841]; *Atiya v. Di Bartolo* (1976) 63 Cal.App.3d 121 [133 Cal. Rptr. 611].)

██   The granting of the judgment creditor's lien to appellant Henry was explicitly left, by the language of the statute, Code of Civil Procedure section 688.1, to the discretion of the trial judge.

The only limitation that the law places upon the exercise of that judicial discretion is that it not be abused. (*Berry v. Chaplin* (1946) 74 Cal.App.2d 652, 672 [169 P.2d 442].)

"Under no circumstances is the discretion of the Court to be exercised arbitrarily, but it is a discretion governed by legal rules, to do justice according to law or to the analogies of the law, as near as may be. . . . It must be exercised within the limitations above stated to promote substantial justice in the case." (*Lybecker v. Murray* (1881) 58 Cal. 186, 189.)

Discretion is abused in the legal sense whenever, in its exercise, a court exceeds the bounds of reason, all the circumstances before it being considered. (*Scherrer* v. *Plaza Marina Coml. Corp.* (1971) 16 Cal. App.3d 520, 525 [94 Cal.Rptr. 85].)

The burden rests upon the appellant to establish that the trial court exceeded the limits of its discretion. (*Rouse* v. *Palmer* (1961) 197 Cal.App.2d 666, 669 [17 Cal.Rptr. 509].)

And no sound reason exists, that prevents these same principles, found in either granting or denying a lien, from being carried over into the application of section 688.1.

One of the Legislature's prime purposes in enacting section 688.1 was "to protect the judgment creditor against the debtor entering into a collusive agreement with his debtor to deprive the judgment creditor of resort to the cause of action or judgment of the judgment debtor." (*Takehara* v. *H. C. Muddox Co.* (1972) 8 Cal.3d 168, 172 [104 Cal.Rptr. 345, 501 P.2d 913].)

Did the trial court abuse its discretion in its application of section 688.1 to the case at hand?

We hold that it did not. Appellant Henry maintains that even though the consensual liens of the respondent and medical lienor Dr. Minye, and the other doctors, were created prior to his lien, he was the first to assert his lien.

The respondent and other doctors did nothing to assert their liens despite the fact they had just as much of an opportunity to do so as appellant Henry.

Appellant places greatweight on the ruling in *Del Conte Masonry Co.* v. *Lewis* (1971) 16 Cal.App.3d 678 [94 Cal.Rptr. 439], which determined that the judgment creditor's lien took priority over the lien of an attorney because the creditor had been the first to assert his claim even though the attorney's lien had been created before the creditor's lien.

However, the *Del Conte* decision is distinguishable from the case at hand. In *Del Conte*, the attorney for the debtor entered into an agreement with the debtor for a lien *after* the judgment creditor had already

filed his claim under section 688.1, but before a hearing was held on the section 688.1 motion.

If the prime purpose under section 688.1 was to prevent collusion between the debtor and another to the detriment of the judgment creditor, it would appear to be applicable to the circumstances existing in the *Del Conte* case.

In the present case, there are no factors to indicate that any possible collusion existed. Respondent doctor and others performed their services at the time the judgment debtor Nicoletti was injured. Nothing further was to be done by them. Their liens at that time were full and complete.

■ Where one lien has been created by contract and another under a statute, the wording of the statute determines the order of priority of the liens. (*First Nat. Bank* v. *Silva* (1927) 200 Cal. 494, 496 [254 P. 262].)

■ Code of Civil Procedure section 688.1 contains no language explicitly regulating priority, but the provisions that the judge "may, in his discretion, order that the judgment creditor be granted a lien" suggests broadly that the lien might be subordinate to other claims and that questions of priority ought to be decided by reference to general principles of equity.

Civil Code section 2897 states: "Other things being equal, different liens upon the same property have priority according to the time of their creation, except in cases of bottomry and respondentia."

The record reveals that the liens for respondent Dr. Minye, and the others, were created in the following order:

| | |
|---|---|
| John Minye, M.D. | October 8, 1974 |
| Sacred Heart Radiological Group | September 23, 1974 |
| Sunset Physical Therapy | September 23, 1974 |
| Ronald M. Lawrence, M.D. | September 23, 1974 |

The lien of appellant Henry by notice of motion was created October 15, 1975.

A strict application of Civil Code section 2897 to the circumstances in the case at hand would seem to vest priority in the respondent and others as opposed to the appellant.

However, appellant maintains that under the case of *Smitton* v. *McCullough* (1920) 182 Cal. 530, 534 [189 P. 686], the time of creation is the last element for consideration when determining the priority of equitable claims, and a claim can predominate by reason of antedating another equity only if the two interests are *in all other respects equal.*

Interests are equal in equity when each is entitled to the same recognition and protection by reason of possessing to an equal degree those elements of right and justice which are recognized and aided by courts of equity.

Priority based upon time of creation may therefore be subordinated to the equitable preference accorded to the party who is first to assert his claim.

Under this reasoning appellant, as first to assert a claim, by his notice of motion under section 688.1, contends his lien should properly be given priority.

Since Civil Code section 2897 upholds the distribution of the liens by the trial court, appellant stresses an equitable preference because he was the first to assert his claim.

But equities in the present case do not favor the appellant.

Respondent and the other consensual lienors are medical people required to provide services to people in emergency situations. They are not judgment creditors.

To force a medical person to perfect a lien every time a service is provided is not logical nor reasonable. Such a requirement would not only damage the physician-patient relationship but would create a tremendous burden upon an already burdened judicial system.

In personal injury matters the ability of litigants to pay the doctors before the services are performed is not always present. If the doctors were then obligated to file a court action to protect their liens after the

services were performed it would not be long before doctors would cease to perform their services until they were paid.

Such a practice would truly culminate in an unfortunate result. And public policy should support a system which enables medical people and medical businesses to be secure in a belief they will be paid for their services without having to become involved in civil litigation.

To place any responsibility upon respondent and the other medical lienors to do more than perform their much needed services should not be encouraged nor allowed.

### CONCLUSION

The trial court did not commit error in subordinating the statutory lien of appellant and judgment creditor Henry, to the consensual liens of the respondent and medical lienor Dr. Minye and the other medical lienors.

Civil Code section 2897 and an equitable preference support the trial court's distribution.

The trial court has the power to (1) review the conflicting claims, (2) rule on their reasonableness and genuineness, and (3) establish an equitable distribution or even withhold relief pending the outcome of the case and then hear all claims.

It would appear that is what the trial court tried to accomplish here.

The order is affirmed.

Spencer, P. J., and Dalsimer, J., concurred.