Filed 3/24/15  Martinez v. Mayberry CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ENRIQUE ALVAREZ MARTINEZ,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>ENNIS TAYLOR MAYBERRY III et al.,<br><br>       Defendants.<br><br>AMAMGBO & ASSOCIATES et al.,<br><br>       Claimants and Appellants. | A142389<br><br>(Contra Costa County<br> Super. Ct. No. MSC11-00333) |

        Appellants Amamgbo & Associates, Emeziem & Ogbu, LLP, and Daniel Donner appeal from those portions of the trial court's orders of February 4, 2014 and August 21, 2014, [1] as expunged their liens for services allegedly provided to the plaintiff in this personal injury action. [2]  As we now discuss, we agree with appellants' contention that the trial court acted in excess of its jurisdiction when it expunged their liens. Accordingly, we shall remand the matter to the trial court with directions to modify its orders by deleting those portions as expunged appellants' liens.

---

[1]     In the absence of a showing of prejudice, we deem appellants' timely July 3, 2014 notice of appeal from the February 4, 2014, minute order to encompass the August 21, 2014, written order.  (Cal. Rules of Court, rules 8.104 (a)(1)(C) [time to appeal], (d)(2) [premature notice of appeal].)

[2]     Plaintiff has not filed a respondent's brief.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2009, plaintiff Enriquez Martinez retained the law firm of appellant Amamgbo & Associates to represent him in a personal injury action against defendant Ennis Taylor Mayberry III, seeking to recover damages incurred in an accident. About a year later in September 2010, Amamgbo & Associates associated the law firm of appellant Emeziem & Ogbu, LLP, to handle the matter. Several months later in February 2011, Emeziem & Ogbu, LLP, filed a complaint in the trial court and arranged for a process server to serve defendant with the summons and complaint. After service and before defendant could file an answer plaintiff discharged Amamgbo & Associates and Emeziem & Ogbu, LLP, and ultimately retained new counsel in May 2011. From June 6, 2009 to January 13, 2010, appellant Daniel Donner, an acupuncturist, provided services to plaintiff for injuries he purportedly sustained in the accident.

After the underlying action settled, defendant's counsel, together with plaintiff's new counsel, filed a motion to enforce the settlement and to resolve the outstanding liens that had been filed by appellants. Appellants filed opposition. The trial court granted the motion to enforce the settlement and expunged appellants' liens. The trial court concluded that Amamgbo & Associates could not enforce a lien against the settlement funds based on its retainer agreement with plaintiff; Emeziem & Ogbu, LLP, was not entitled to a lien against the settlement funds because it did not have any agreement with plaintiff allowing for such a lien; and Donner could seek payment for his services without asserting a lien against the settlement funds. Appellants timely appeal ensued.

## DISCUSSION

We initially note that in opposing the motion to resolve their outstanding liens, appellants did not specifically raise the issue of the trial court's jurisdiction. And, generally, we will not consider issues raised for the first time on appeal " 'where an objection could have been but was not presented to [the trial court] by some appropriate method.' " (*Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184-185, fn. 1.) "However, where, as here, the issue is purely legal and presented to us on

2

undisputed facts, and involves a matter of public interest, we retain discretion to decide it." (*Bialo v. Western Mutual Ins. Co*. (2002) 95 Cal.App.4th 68, 73.)

"California recognizes that liens may be created by contract of the parties. [(Civ. Code, § 2881, subd. (1).] . . . [¶] This is not an uncommon arrangement with attorneys and their clients, and is indeed often the only way people with meritorious claims can obtain legal representation. [(*Cetenko v. United California Bank* (1982) 30 Cal.3d 528, 536, 179 Cal.Rptr. 902, 638 P.2d 1299).] An attorney will agree to represent a client in a dispute, and to secure payment, will accept a lien on any proceeds which may thereby be generated. [¶] Most typically, the party being granted an interest in the proceeds is the client's attorney, but this need not be the only scenario. In *Nicoletti v. Lizzoli* [(1981) 124 Cal.App.3d 361, 177 Cal.Rptr. 685], the party receiving the lien was a physician. That physician was allowed to enforce his lien on the proceeds from a settlement, even though his interest was not perfected. [(*Id*. at pp. 369-70.)]" (*In re Dickinson* (S.D. Cal. 1982) 24 B.R. 547, 549.)

"Appellate courts have consistently held that the trial court in the underlying action has no jurisdiction to determine the existence or validity of an attorney's lien on the judgment. (*Law Offices of Stanley J. Bell v. Shine, Browne & Diamond* [(1995)] 36 Cal.App.4th [1011,]1019-1020; *Valenta v. Regents of University of California* [(1991)] 231 Cal.App.3d [1465,] 1470; *Hansen v. Jacobsen* [(1986) 186 Cal.App.3d [350,] 356; *Hendricks v. Superior Court* (1961) 197 Cal.App.2d 586, 588-589 [17 Cal.Rptr. 364].) The trial court does have fundamental jurisdiction over the subject matter and over the parties. Nevertheless, because the attorney is not a party to the underlying action and has no right to intervene, the trial court acts in excess of its jurisdiction when it purports to determine whether the attorney is entitled to foreclose a lien on the judgment. (*Hendricks v. Superior Court, supra*, 197 Cal.App.2d at pp. 588-589; see also *Law Offices of Stanley J. Bell v. Shine, Browne & Diamond, supra*, 36 Cal.App.4th at pp. 1019-1020; *Valenta v. Regents of University of California, supra,* 231 Cal.App.3d at p. 1470; *Hansen v. Jacobsen, supra*, 186 Cal.App.3d at p. 356.) Nor can the court entertain a motion to terminate the lien. (*Valenta v. Regents of University of California, supra,* 231

Cal.App.3d at p. 1470.)  After the client obtains a judgment, the attorney must bring a separate, independent action against the client to establish the existence of the lien, to determine the amount of the lien, and to enforce it.  (*Law Offices of Stanley J. Bell v. Shine, Browne & Diamond, supra,* 36 Cal.App.4th at p. 1020; *Valenta v. Regents of University of California, supra*, 231 Cal.App.3d at pp. 1469-1470; *Bandy v. Mt. Diablo Unified Sch. Dist.* [1976] 56 Cal.App.3d [230,] 234-235; see *Hansen v. Jacobsen, supra,* 186 Cal.App.3d at p. 356.)  An order within the underlying action purporting to affect an attorney's lien is void.  (*Valenta v. Regents of University of California, supra,* at p. 1469, fn. 2.)"  (*Carroll v. Interstate Brands Corp*. (2002) 99 Cal.App.4th 1168, 1173 (*Carroll*).)

We conclude that the reasoning in *Carroll* and the cases cited therein is dispositive of this appeal and applies equally to the attorney's liens in favor of Amamgbo & Associates and Emeziem & Ogbu, LLP, and the lien in favor of Donner.  Because appellants were not parties to the underlying action and had no right to intervene, the trial court had no jurisdiction to determine the existence or validity of their liens and, consequently, the court had no power to affect the liens by expunging them.  (*Carroll, supra*, 99 Cal.App.4th at pp. 1173, 1175, fn. 4.)  Accordingly, we shall remand the matter to the trial court with directions to modify its minute order of February 4, 2014, and its written order of August 21, 2014, by deleting those portions as expunged appellants' liens.  Our decision should not be read and we express no opinion concerning the existence, validity, or enforceability of appellants' liens.

## DISPOSITION

The matter is remanded with directions to the trial court to modify its minute order of February 4, 2014, and its written order of August 21, 2014, by deleting those portions as expunged appellants' liens.  In all other respects, the orders of February 4, 2014, and August 21, 2014, are affirmed.  Appellants are awarded costs on appeal.

_____
Jenkins, J.

We concur:

_____
McGuiness, P. J.


_____
Siggins, J.