JOHN W. MUIJE, LTD., AND CUMMINGS, CUMMINGS & DUDENHEFER, APPELLANTS, *v.* A NORTH LAS VEGAS CAB COMPANY, INC., RESPONDENT.

No. 20564

October 25, 1990 799 P.2d 559

*John W. Muije,* Las Vegas, *Cummings, Cummings & Dudenhefer,* New Orleans, Louisiana, for Appellants.

*Alverson, Taylor, Mortensen & Gould* and *Richard W. Black,* Las Vegas, for Respondent.

---

# OPINION

*Per Curiam:*

Opal Jean Peregoy was injured when her car was hit from behind by a cab driven by an employee of A North Las Vegas Cab Company, Inc. (Cab Company). Peregoy hired appellants John W. Muije, Ltd. and Cummings, Cummings & Dudenhefer (hereinafter Muije) to represent her in a negligence action against respondent Cab Company.

Before trial, Cab Company gave Peregoy two offers of judgment to settle the case, first for $200,000 and then for $250,000. Muije advised Peregoy to accept the offer both times. Muije also advised Peregoy of the adverse consequences imposed by NRS 17.115 that could result if her award at trial were less favorable than either of these offers. Nevertheless, Peregoy wanted her day in court and she refused to settle.

The jury awarded Peregoy $12,311.75 in damages. Before the jury's verdict, Muije filed an attorney's lien pursuant to NRS 18.015. After trial, Cab Company filed a motion for attorney's fees and costs. The court awarded $86,098.06 to Cab Company pursuant to NRS 17.115(4)(b), which permits the court to award fees and costs to a party that had offered to settle for more than the trial verdict. Thus, Peregoy won nothing in the aggregate, and in fact owed Cab Company $73,786.31.

Muije contends that his lien against his client's recovery pursuant to NRS 18.015 must be satisfied before Cab Company can collect its award of fees and costs from the suit. Muije proposes three different reasons for his position. First, Muije asserts that his claim is superior because it was first in time among conflicting claims. Second, he asserts that as the equitable assignee of any judgment his client might receive, his claim should take priority over Cab Company's, since Cab Company is not a secured creditor or a lienholder of his client. Finally, Muije claims that the policy behind an attorney's ability to perfect a judgment lien outweighs the policy behind awarding fees and costs when reasonable offers of judgment are rejected.

Muije argues that his lien was perfected as soon as he notified the other parties of its existence. NRS 18.015(2) does state that, "[a]n attorney perfects his lien by serving notice in writing . . . upon his client and upon the party against whom his client has a cause of action. . . ." Thus, Muije claims that he had an actual

lien on the jury's verdict even before the jury deliberated. Moreover, Muije contends that Cab Company's lien was not perfected until after trial because the court did not award the offset to Cab Company until the trial was over.

Muije's claim was first in time. In addition, he did perfect his lien against his client pursuant to NRS 18.015(2). The question before the court is whether Cab Company's claim is a competing claim, or part of the trial judgment. Thus, Muije cannot prevail under his first theory that his claim is first in time, or his second theory that he is the only lienholder, unless the trial in this case ended in a judgment against which he could attach his lien.

Many cases in other jurisdictions have held that an offset is part of the trial judgment, and thus it takes priority over an attorney's lien. Salaman v. Bolt, 141 Cal.Rptr. 841 (Ct.App. 1977); Galbreath v. Armstrong, 193 P.2d 630 (Mont. 1948); Hobson Constr. Co., Inc. v. Max Drill, Inc., 385 A.2d 1256 (N.J. Super.App.Div. 1978); Johnson v. Johnston, 254 P. 494 (Okla. 1927).

In *Salaman,* the court gave priority to an offset arising from an unrelated matter between the two parties. In explaining that an offset must be satisfied before attorney's fees, the court stated:

> [E]quitable offset is a means by which a debtor may satisfy in whole or in part a judgment or claim held against him out of a judgment or claim which he has subsequently acquired against his judgment creditor. The right exists independently of statute and rests upon the inherent power of the court to do justice to the parties before it.

*Salaman,* 141 Cal.Rptr. at 847.

Thus, the *Salaman* court determined that equity requires settlement of the net verdict between the two parties before attorneys' liens may attach.

The argument that Cab Company is not a lienholder nor a secured creditor ignores Cab Company's status as a party to the case. The purpose of the suit was to determine what Cab Company owed, and the net result of the suit was that Cab Company owed nothing. In *Hobson,* the plaintiff won a judgment in the Law Division but lost a greater judgment in a related action in the Chancery Division. The court held that, ''[u]nder such circumstances the attorney's lien could not be enforced for there would be no judgment or fund available to the client to which it could attach. . . .'' *Hobson,* 385 A.2d at 1258. The *Hobson* court reasons that the prevailing party should not be burdened by the claims asserted by the losing party's attorney. *Id.* at 1258. The purpose of a lawsuit is to settle a dispute between two parties.

Only after that dispute is settled, should the courts or legislature supervise the division of a recovery between attorney and client.

In *Galbreath, Hobson,* and *Salaman,* each court weighed the equities and determined that a perfected attorney's lien attaches to the net judgment that the client receives after all setoffs arising from that action have been paid. Once a net judgment is determined, then the attorney's lien is superior to any later lien asserted against that judgment. *See* United States Fidelity & Guarantee v. Levy, 77 F.2d 972 (5th Cir. 1935) (attorney's lien is superior to offset from a claim arising out of a different matter from which the judgment arose); Cetenko v. United California Bank, 638 P.2d 1299 (Cal. 1982) (attorney's lien is superior to that of another creditor who obtained a lien on the same judgment); Haupt v. Charlie's Kosher Market, 112 P.2d 627 (Cal. 1941) (attorney's lien is superior to that of third-party judgment creditor).

The purpose of NRS 17.115 is to promote settlement of suits by rewarding defendants who make reasonable offers and penalizing plaintiffs who refuse to accept them. Early settlement saves time and money for the court system, the parties, and the taxpayers. NRS 18.015 also accomplishes an important function of securing attorney's fees and thereby encouraging attorneys to take cases of those who could not otherwise afford to litigate. However, the imposition of attorney's fees pursuant to NRS 18.015 should not reduce the advantage the defendant gains by making a reasonable offer to settle. NRS 17.115 requires a plaintiff's attorney to advise his or her client to accept reasonable offers. The possibility that a client will not heed sound advice is a risk that the attorney, not the opposing party, must bear.

Having determined that Cab Company's setoff is superior to Muije's attorney's lien, we hereby affirm the judgment of the trial court.