137 Nev., Advance Opinion 65

IN THE COURT OF APPEALS OF THE STATE OF NEVADA

VIVIA HARRISON, AN INDIVIDUAL,
Appellant,
vs.
RAMPARTS, INC., D/B/A LUXOR
HOTEL & CASINO, A NEVADA
DOMESTIC CORPORATION,
Respondent.

No. 80167-COA

FILED

OCT 28 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a post-judgment district court order awarding attorney fees and costs, and directing that the award be paid from settlement funds owed by a codefendant, in a personal injury matter. Eighth Judicial District Court, Clark County; David M. Jones, Judge.

*Affirmed in part, reversed in part, and remanded.*

Claggett & Sykes Law Firm and Micah S. Echols and Scott E. Lundy, Las Vegas; Moss Berg Injury Lawyers and Boyd B. Moss III, Las Vegas; H&P Law, PLLC, and Matthew G. Pfau, Las Vegas,
for Appellant.

Lincoln Gustafson & Cercos and Loren S. Young and Mark B. Bailus, Las Vegas,
for Respondent.

BEFORE THE COURT OF APPEALS, GIBBONS, C.J., TAO and BULLA, JJ.

21-31018

*OPINION*

By the Court, BULLA, J.:

This appeal arises from a district court's award of attorney fees and costs to respondent Ramparts, Inc., dba Luxor Hotel and Casino, against appellant Vivia Harrison, pursuant to NRCP 68, after Harrison rejected an offer of judgment and was unsuccessful at trial.[1] The district court ordered that the award be satisfied from the settlement funds codefendant Desert Medical Equipment was obligated to pay Harrison based on their high-low settlement agreement. The court's offset assured that Luxor would receive its award of attorney fees and costs before Harrison and her counsel received any of the settlement funds from Desert Medical.

At issue in this appeal is whether the district court erred in offsetting Harrison's settlement funds from a third party in favor of first satisfying Luxor's judgment for attorney fees and costs. We conclude that it did, and consequently, we reverse and remand as to this portion of the judgment. Harrison also challenges the fees award, which we affirm.

I.

Harrison was operating a motorized scooter in a deli restaurant located inside the Luxor Hotel and Casino. In order to make her way through the restaurant, members of her party moved tables to create a pathway. While negotiating the path cleared for her, one of the scooter's back tires rolled over the base of a table, causing it to become unbalanced

---

[1] We originally resolved this appeal in an unpublished order affirming in part, reversing in part, and remanding. Appellant subsequently filed a motion to publish the order as an opinion. We grant the motion and replace our earlier order with this opinion. *See* NRAP 36(f).

 

and tip over. Harrison allegedly suffered serious personal injuries as a result, including a fractured hip and stroke.

Subsequently, Harrison filed a complaint against Ramparts, Inc. (Luxor) and Desert Medical, the entity that rented her the scooter. Approximately seven months after Harrison filed her second amended complaint, Luxor served Harrison with a $1,000 offer of judgment, which Harrison rejected, and the matter proceeded to trial.

During trial, but before the jury reached its verdict, Harrison and Desert Medical negotiated a high-low settlement agreement, under which Desert Medical agreed to pay Harrison $150,000, even if the court entered judgment in its favor. After a nine-day trial, the jury returned a defense verdict for both Desert Medical and Luxor, finding that neither was negligent or otherwise liable for Harrison's injuries. Before the district court entered judgment in favor of Luxor and Desert Medical, Harrison's attorneys gave notice to both parties that they had placed an attorney's lien on the file.

After the district court entered judgment on the verdict, Luxor moved for attorney fees and costs pursuant to NRS Chapter 18 and NRCP 68, which the court granted in part, reducing the overall expert costs and attorney fees Luxor requested. Further, the district court offset Luxor's award of fees and costs from the settlement funds Desert Medical owed Harrison. The court concluded "that this total final judgment must first be offset from other settlement funds received by [Harrison] and [Harrison's] attorney as part of the trial judgment before any distribution and this total final judgment in favor of Luxor takes priority over any other lien, including an attorney's lien," citing to *John W. Muije, Ltd. v. A North Las Vegas Cab Co.*, 106 Nev. 664, 799 P.2d 559 (1990). Harrison filed a motion to

reconsider, arguing that the issue of offset was never properly before the court because Luxor failed to request offset in its motion for attorney fees and costs, only mentioning the issue in its reply brief, and that neither the court nor the parties addressed offset at the initial hearing. Therefore, Harrison argued, she did not have the opportunity to challenge whether offset was appropriate under the facts and circumstances of this case. The district court denied Harrison's motion to reconsider.[2]

Because both Harrison and Luxor were attempting to collect the settlement funds of $150,000 from Desert Medical, Desert Medical filed a motion to interplead the funds. The district court granted the motion, which was unopposed, and Desert Medical deposited the settlement funds with the court. Ultimately, the district court ordered the interpleaded funds distributed first to the Luxor to satisfy its judgment, with any remaining funds to be distributed to Harrison and her attorneys. This appeal followed.

On appeal, Harrison does not challenge the verdict in favor of Luxor. Rather, Harrison appeals from the order awarding attorney fees and costs to Luxor, including the priority status given to Luxor to obtain payment of its fees and costs from the settlement funds interpleaded by Desert Medical. Specifically, Harrison argues that the district court erred in offsetting the settlement funds in favor of Luxor and abused its discretion in awarding attorney fees as well as the amount of fees it awarded.

With respect to offset, Luxor asserts that it was proper under *Muije*, and therefore, the district court did not err when it ordered Luxor's award of fees and costs to be offset from the Desert Medical settlement

---

[2]We note that although District Judge Nancy Allf signed the order denying reconsideration, District Judge David M. Jones heard and orally ruled on the matter and presided over the underlying proceedings.

funds. Luxor further argues that the court did not abuse its discretion in its attorney fees award.

II.

We first address whether the offset of the settlement funds, in reliance on *Muije*, was proper. "The 'legal operation and effect of a judgment' is a question of law subject to de novo review." *Barbara Ann Hollier Tr. v. Shack*, 131 Nev. 582, 592, 356 P.3d 1085, 1091 (2015) (internal citation omitted) (quoting *Ormachea v. Ormachea*, 67 Nev. 273, 291, 217 P.2d 355, 364 (1950)).

In *Muije*, the plaintiff prevailed at trial, but the jury award in plaintiff's favor was less than the defendant's offer of judgment. 106 Nev. at 665, 799 P.2d at 559-60. Accordingly, the district court awarded the defendant attorney fees and costs, resulting in each party having a judgment against the other. *Id.* The district court determined that it would offset the amount of plaintiff's judgment from the amount she owed the defendant in attorney fees and costs, extinguishing plaintiff's recovery. *Id.* The plaintiff's attorney appealed, claiming that his attorney lien, which predated the award of fees and costs, was superior to that of the defendant's judgment and that the court should not have offset the two. *Id.*

On appeal, the supreme court concluded that an equitable offset "is a means by which a debtor may satisfy in whole or in part a judgment or claim held against him out of a judgment or claim which he has subsequently acquired against his judgment creditor." *Id.* at 666-67, 799 P.2d at 560 (internal quotation omitted); *see also Pennington v. Campanella*, 180 So. 2d 882, 887 (La. Ct. App. 1965) (providing that parties "cannot offset . . . debts which are not mutually owed and mutually demandable"). Thus, because the parties each had a judgment against the other, the *Muije*

court affirmed the equitable offset in favor of the defendant, concluding that the attorney's lien attached to the net judgment, not the gross amount, which, after the offset, was zero. *Muije*, 106 Nev. at 666-67, 799 P.2d at 560-61.

Here, relying on *Muije*, the district court ordered that Luxor's judgment for attorney fees and costs "must first be offset from other settlement funds received by [Harrison] and [Harrison's] attorney" and that Luxor's judgment "takes priority over any other lien, including an attorney's lien." But, unlike in *Muije*, there are not competing judgments between Harrison and Luxor that are mutually owed and mutually demandable. Equitable offsets are only applicable where a debtor obtains a subsequent judgment against one of his or her creditors. *Muije*, 106 Nev. at 666, 799 P.2d at 560. Although Luxor had a collectable judgment against Harrison, Harrison did not have a collectable judgment against Luxor. Thus, there were no mutually owed judgments to offset.

Moreover, the Desert Medical settlement funds were part of a *settlement agreement* between Harrison and Desert Medical, not Luxor, and the district court did not reduce the settlement to judgment in favor of Harrison. Thus, Luxor was not entitled to make a claim against the settlement funds to satisfy its judgment before distribution, as the funds from the high-low settlement were not a judgment subject to offset, but instead were funds owed pursuant to a contract between the signatories, Harrison and Desert Medical. *Cf. Cunha v. Shapiro*, 837 N.Y.S.2d 160, 163 (App. Div. 2007) (collecting cases and noting that "cases are legion wherein courts have treated high-low agreements as settlements"); *see also Power Co. v. Henry*, 130 Nev. 182, 189, 321 P.3d 858, 863 (2014) ("A settlement agreement is a contract governed by general principles of contract law.").

Therefore, we decline to extend *Muije* to include the facts and circumstances presented here and conclude that the district court erred in granting an offset where Luxor and Harrison did not have mutually owed judgments that could be subject to offset. Accordingly, we reverse the district court's order in part as to the offset.[3] As to the Desert Medical settlement funds, we remand this matter to the district court in order to release the interpleaded funds to Harrison and her attorneys.[4]

III.

Next, we address whether the district court abused its discretion in awarding Luxor its fees.[5] Harrison argues that the district court abused its discretion in awarding Luxor its attorney fees as well as the amount it awarded pursuant to NRCP 68, by pointing out

---

[3]In doing so, we recognize that there are competing public policy considerations at issue, such as encouraging settlement versus not rewarding a party for pursuing a frivolous claim. Nevertheless, we cannot agree that a settlement agreement is the same as a judgment for the purposes of offset, even in light of the public policy considerations enunciated in *Muije*. This is particularly so in this case, where Luxor was not a signatory to the settlement agreement.

[4]We need not reach the issue of whether Harrison's attorneys have perfected their liens, as this likely will be considered upon distribution.

Further, we recognize that any future contested distribution may well have to be made through a separately filed interpleader action with all creditors properly served. However, we believe that the burden to ensure a fair and ethical distribution of the funds is properly placed on Harrison's counsel, including the filing of a separate interpleader action if necessary. *See* RPC 1.15(d) (providing that "a lawyer shall promptly deliver to the client or *third person* any funds or other property that the client or third person is entitled to receive" (emphasis added)).

[5]We note that Harrison does not challenge Luxor's award of costs.

inconsistencies between the district court's statements at the hearing and those contained in its order. Luxor, on the other hand, argues that the district court considered each of the required *Beattie*[6] factors in making its determination and therefore did not abuse its discretion in awarding attorney fees or in determining the amount awarded.

An award of attorney fees is generally reviewed for an abuse of discretion. *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 80, 319 P.3d 606, 615 (2014). When deciding whether to award attorney fees under NRCP 68, the district court must weigh four factors in determining whether attorney fees are warranted. These factors include the following four things:

> (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount.

*Beattie*, 99 Nev. at 588-89, 668 P.2d at 274. Although it is preferable, express factual findings on each factor are *not necessary* for a court to properly exercise its discretion; rather, "the district court need only demonstrate that it considered the required factors, and the award must be supported by substantial evidence." *Logan v. Abe*, 131 Nev. 260, 266, 350 P.3d 1139, 1143 (2015). While all of these factors must be considered, not one is outcome determinative, "and thus, each should be given appropriate consideration." *Frazier v. Drake*, 131 Nev. 632, 642, 357 P.3d 365, 372 (Ct. App. 2015).

---

[6]*Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983).

The district court made express findings pursuant to *Beattie*, including applying the *Brunzell*[7] factors, and determined that overall the *Beattie* factors weighed in favor of awarding attorney fees, although the district court ultimately reduced the total amount of fees awarded. The record demonstrates that the final amount of fees the district court awarded is supported by substantial evidence. Based on this record, we conclude that the district court did not abuse its discretion in analyzing and considering the *Beattie* factors as required, including in determining the amount of fees to award.[8] Therefore, the attorney fees award is affirmed.[9]

## IV.

In conclusion, a party cannot make a claim for attorney fees and costs—and thus the district court cannot offset—against settlement funds from a third party that have not been reduced to a judgment. We reaffirm that for an equitable offset to apply, there must be competing judgments

---

[7]*Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969).

[8]To the extent that Harrison argues the differences between the district court findings and its order, the order ultimately controls. *See Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) (explaining that oral pronouncements from the bench are ineffective and only a written judgment has legal effect). Accordingly, differences between oral findings and the written findings do not render the written order invalid, as only the written order has legal effect. *See id.* Therefore, because the order demonstrates that the court considered each factor and its decision is otherwise supported by substantial evidence, we conclude that the district court did not abuse its discretion in awarding Luxor its attorney fees. *See Logan*, 131 Nev. at 266-67, 350 P.3d at 1143.

[9]Insofar as the parties raise arguments that are not specifically addressed herein, we have considered the same and conclude that they either do not present a basis for relief or need not be reached given the disposition of this appeal.

between the parties that are mutually owed and mutually demandable. Thus, while we affirm the award for attorney fees, we reverse the district court's order as to the offset and remand this matter to the district court for the release of the interpleaded funds.

                                       _____ , J.
                                       Bulla

I concur:

_____ , J.
Tao

COURT OF APPEALS
OF
NEVADA

(O) 1947B

GIBBONS, C.J., concurring in part and dissenting in part:

This case presents the issue of whether a district court can accurately and fairly enter a large judgment for attorney fees against a losing party when the court makes unsupported or incomplete findings as to the factors identified in *Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983). I conclude that the district court's order is not legally sufficient. Therefore, I would vacate the attorney fees award and remand for the district court to engage in the correct process and follow the well-established procedures. Accordingly, the entirety of the district court order should be vacated because there is not a valid underlying basis to award attorney fees to respondent. Regardless, I agree with the majority as to the remaining issues and concur with the portion of the opinion reversing in part and remanding to correct the offset.

Vivia Harrison was injured in the Luxor Hotel & Casino while operating a motorized scooter. In February 2016, Harrison filed a complaint against Ramparts, Inc. (Luxor) and Desert Medical Equipment (Desert Medical) asserting claims, as relevant here, for negligence. In March 2017, Luxor served an offer of judgment for $1,000 on Harrison, which was not accepted, and the case proceeded to trial in December 2018. During trial, Desert Medical offered Harrison a "high low" settlement offer of $150,000 to $750,000, depending on the ultimate verdict, which was accepted. The jury returned verdicts in favor of both defendants; therefore, Desert Medical owed $150,000 under the settlement agreement.

Luxor brought a motion for attorney fees and costs, seeking $255,558 as the prevailing party under NRCP 68. Luxor requested a total of $202,398 in attorney fees and $53,160 in costs. The district court granted

the motion for attorney fees and costs in part and awarded $109,285.28, apportioning $39,597.28 for costs and $69,688 for attorney fees.[1]

The district court summarily concluded in the written order that the $1,000 offer was reasonable. The court, however, did not apply or misstated the actual factors from *Beattie*. The court did not address if the case was *brought* in good faith; rather, it stated that the facts and allegations in the complaint were contrary to Harrison's own witnesses' testimony. The court did not specifically address if the offer was reasonable and in good faith as to timing and amount, or if it was grossly unreasonable or in bad faith for Harrison to reject the $1,000 offer. The court did not balance the *Beattie* factors but still determined that a partial award of attorney fees was proper. Further, the court summarily denied Harrison's motion for reconsideration.

On appeal, Harrison argues that the district court abused its discretion by incorrectly applying all four factors set forth in *Beattie*. Additionally, Harrison argues that the district court misapplied the factors in *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969), and that the amount of the awarded fees was unreasonable. I agree that the district court failed to correctly apply the first, second, and third *Beattie* factors, failed to balance them against each other, and thus misapplied *Beattie*. Further, the court failed to make adequate findings as to all three *Beattie* factors. Therefore, the district court's judgment as to attorney fees should be vacated and the case remanded for the district court

----

[1]While Luxor requested attorney fees as a prevailing party pursuant to both NRS 18.010(2)(b) and NRCP 68, the district court made none of the required findings under NRS 18.010(2)(b) and did not use this statute as the basis for its decision. The court instead only awarded attorney fees pursuant to NRCP 68.

to analyze all of the factors and make proper findings. Then it must engage in a balancing of the first three factors against each other, as well as the fourth factor, to determine if attorney fees should be awarded under the facts of this case. While the district court did correctly apply the fourth *Beattie* factor using *Brunzell* to determine the reasonable amount of attorney fees, such fact is not relevant when deciding if the first three factors of *Beattie* were satisfied. Therefore, I only address the first three factors.

Under NRCP 68, a party may recover attorney fees and costs if the other party rejects an offer of judgment and fails to obtain a more favorable outcome. In 1983, the Nevada Supreme Court established four factors in *Beattie v. Thomas* that must be considered when determining whether it can award attorney fees under NRCP 68:

> (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount.

99 Nev. at 588-89, 668 P.2d at 274.

This court considered the application of the *Beattie* factors in *Frazier v. Drake*, 131 Nev. 632, 357 P.3d 365 (Ct. App. 2015), and *O'Connell v. Wynn Las Vegas, LLC*, 134 Nev. 550, 429 P.3d 664 (Ct. App. 2018). In *Frazier*, we noted that

> the first three factors all relate to the parties' motives in making or rejecting the offer and continuing the litigation, whereas the fourth factor relates to the amount of fees requested. . . . [But] [n]one of these factors are outcome

determinative . . . and thus, each should be given appropriate consideration.

131 Nev. at 642, 357 P.3d at 372 (internal citations omitted). Further, as it relates to the first three factors, we pointed out that the supreme court has recognized that, "[i]f the good faith of either party in litigating liability and/or damage issues is not taken into account, offers would have the effect of unfairly forcing litigants to forego legitimate claims." *Id.* at 643, 357 P.3d at 372 (alteration in original) (quoting *Yamaha Motor Co., U.S.A. v. Arnoult*, 114 Nev. 233, 252, 955 P.2d 661, 673 (1998)). In addition to noting the public policy supporting the consideration of all of the *Beattie* factors, we recognized in *Frazier* that "where . . . the district court determines that the three good-faith *Beattie* factors weigh in favor of the party that rejected the offer of judgment, the reasonableness of the fees requested by the offeror [the fourth *Beattie* factor] becomes irrelevant, and cannot, by itself, support a decision to award attorney fees to the offeror." *Id.* at 644, 357 P.3d at 373.

A district court's application of the *Beattie* factors is reviewed for an abuse of discretion. *LaForge v. State, Univ. & Cmty. Coll. Sys. of Nev.*, 116 Nev. 415, 423, 997 P.2d 130, 136 (2000). "Such an abuse occurs when the court's evaluation of the *Beattie* factors is arbitrary or capricious." *Frazier*, 131 Nev. at 642, 357 P.3d at 372. "Claims for attorney fees under . . . NRCP 68 are fact intensive," and "[i]f the record clearly reflects that the district court properly considered the *Beattie* factors, we will defer to its discretion." *Wynn v. Smith*, 117 Nev. 6, 13, 16 P.3d 424, 428-29 (2001). "[T]he district court's failure to make explicit findings is not a per se abuse of discretion." *Id.* at 13, 16 P.3d at 428.

I conclude that the district court abused its discretion when awarding attorney fees under NRCP 68, as the record does not clearly reflect that the district court properly considered the first three *Beattie*

factors. Although the district court enunciated the factors in its order, it only summarily found that an award of attorney fees and costs was appropriate pursuant to the factors articulated in *Beattie* and *Brunzell*. The order itself fails to address the actual elements of the first three factors. Further, despite this being a fact-intensive inquiry, the court made no findings that the case was brought in bad faith, that the $1,000 offer was reasonable and in good faith in both timing and amount, or that it was grossly unreasonable or in bad faith for Harrison to reject the offer. Without specific findings as to the elements of the first three *Beattie* factors, it is impossible on the face of the order to understand how the court could have balanced all of the factors. The record on appeal should provide support to show that the district court properly considered and balanced these factors; here it does not. *See Wynn*, 117 Nev. at 13, 16 P.3d at 428-29 ("If the record clearly reflects that the district court properly considered the *Beattie* factors, we will defer to its discretion."); *cf. Willard v. Berry-Hinckley Indus.*, 136 Nev. 467, 471, 469 P.3d 176, 180 (2020) (holding that district courts must issue explicit and detailed findings for NRCP 60(b)(1) determinations).

Specifically, as to the first factor, the court focused on evidence that was provided for the first time in discovery or at trial, not when Harrison filed suit, which is how good faith under this factor is assessed. As to the second factor, the court noted that discovery had not been completed and made no finding that the offer was reasonable and in good faith as to both timing and amount. As to the third factor, the court found that Harrison was aware of substantial defects in the case and still rejected the offer. Yet the court did not conclude that the rejection of a $1,000 offer was grossly unreasonable or made in bad faith. On the contrary, the court

recognized at the hearing that $1,000 was not really intended to settle the case because it would not even cover the cost of filing the case. Thus, the findings as to the first factor misapplied and misconstrued the rule, the findings as to the second factor were significantly incomplete and tended to favor Harrison, and the findings as to the third factor omitted the key element of gross unreasonableness or bad faith. Finally, the court did not balance the factors and explain what factor may have been dispositive or outweighed by any other factors.

My conclusion is further supported by the fact that Desert Medical offered to settle for $150,000 to $750,000 during trial. Because this offer was extended during trial, there is an inference that Harrison presented some credible evidence during trial, at least as to Desert Medical's negligence, and Luxor's $1,000 offer made more than 20 months before trial was not reasonable in timing or amount, or was not rejected in bad faith or otherwise grossly unreasonable.

Here, the district court focused its attention on the fourth *Beattie* factor, the reasonableness of the amount of the requested attorney fees. This factor should not have been addressed until the first three factors were fully considered and balanced against each other to establish a legal basis for awarding attorney fees. *See Frazier*, 131 Nev. at 643, 357 P.3d at 372 ("[T]he fourth *Beattie* factor . . . does not have any direct connection with the questions of whether a good-faith attempt at settlement has been made or whether the offer is an attempt to force a plaintiff to forego legitimate claims.").

It is important to note that the first three *Beattie* factors involve a qualitative analysis, not a quantitative analysis. Each factor mandates the district court to evaluate and measure something different, so the

ultimate weight attached to each factor is case-specific. Factor one focuses on the good faith of the plaintiff at the moment the complaint is filed. In this case, that was in February 2016. It does not matter under this factor that the complaint was ultimately found to be nonmeritorious as to Luxor. *See Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, No. 2:09–CV–1182, 2012 WL 6626809, *3 (D. Nev. Dec. 19, 2012) ("Plaintiffs, incorrectly in hindsight, believed they had a good chance of success on the merits and pursued the claims in good faith."); *Max Baer Prod. Ltd. v. Riverwood Partners, LLC*, No. 3:09–CV–00512, 2012 WL 5944767, *3 (D. Nev. Nov. 26, 2012) ("Claims may be unmeritorious and still be brought in good faith."). *Cf.* NRS 7.085 (providing that the court shall sanction an attorney that has brought a case not grounded in fact, not warranted by existing law, or without a good faith argument for changing the law).

The second factor has multiple components. The defendant has to act in good faith and must make a reasonable offer, both in its timing *and* in amount. Luxor acknowledges as much in its answering brief. However, was it in good faith to make an offer before discovery was completed? Was it in good faith to offer a token amount? Was Luxor merely attempting to create the foundation to file a motion for attorney fees years later while not really trying to settle the case? *See Frazier*, 131 Nev. at 644, 357 P.3d at 373 (emphasizing the necessity of considering the parties' good faith; otherwise, an offer could merely be an attempt to force a litigant to forgo a legitimate claim).

The district court did not address these good faith threshold questions. The court made no finding that the timing was reasonable. Indeed, the court suggested it might not have been because only "some discovery was conducted" at that point. Consequently, the district court

should have explained why these circumstances satisfied the burden that was on Luxor to show reasonableness as to timing.

Assuming the court could find the timing reasonable, the court would then need to evaluate the amount offered and find that it also was reasonable. However, the court expressed doubt at the February hearing about the reasonableness of the amount, stating that, from the perspective of a former trial attorney, "$1,000 offers of judgment [were viewed as] . . . just ludicrous." Therefore, making findings as to all components of factor two was crucial in light of Luxor's burden to establish good faith and reasonableness as to timing *and* amount. This $1,000 offer of judgment might seem reasonable in hindsight, but an inquiry into good faith and reasonableness as to timing and amount was still necessary and conspicuously lacking from the district court's order.[2] Indeed, findings were especially important in this case, since the facts and comments from the district court as to the second *Beattie* factor seem to point in the opposite direction of the result ultimately reached. We should not now consider unexplained and incomplete findings as decisive. *See Davis v. Ewalefo*, 131

---

[2]In contrast, in *Tutor Perini Building Corp. v. Show Canada Industries US, Inc.*, No. 74299, 2019 WL 2305717 (Nev. May 29, 2019), Show Canada made Tutor Perini an offer of judgment for $950,000; the verdict in favor of Show Canada was for $908,892, plus $601,960 in prejudgment interest. The supreme court upheld the subsequent award of attorney fees to Show Canada under NRCP 68 in part due to the finding of the district court that Tutor Perini engaged in fraudulent activity, and also because while one factor had deficient findings, the record supported the overall conclusion as to that factor. Therefore, the dollar amounts and the unique circumstances of that case justified an affirmance even though the district court did not make explicit findings as to all of the *Beattie* factors.

Nev. 445, 450, 352 P.3d 1139, 1142 (2015) (providing that we do not defer "to findings so conclusory they may mask legal error").

I now turn to the district court's failure to apply the elements of factor three. While factors one and two require both an objective and a subjective analysis as to good faith, and factor two additionally looks to reasonableness, factor three is different. It requires an objective and subjective analysis of the plaintiff's reaction to the offer during the 10-day period immediately following the communication of the offer, as the offer expires at that point.[3] The district court must determine whether the decision to reject the offer and proceed to trial was *grossly* unreasonable or in bad faith. Therefore, even if the offer was determined to be reasonable under the second factor, that is not the standard when considering the third factor. Luxor had to show it was grossly unreasonable or in bad faith for Harrison to fail to accept the offer during the 10-day period following March 23, 2017.

As previously discussed, discovery had not been completed. Luxor knew Harrison was seeking a large amount in damages. Luxor was only offering $1,000, and Desert Medical ultimately offered up to $750,000. The circumstances as they existed on March 23, 2017, must be understood

---

[3]The Nevada Rules of Civil Procedure were amended effective March 1, 2019. *See In re Creating a Comm. to Update & Revise the Nev. Rules of Civil Procedure*, Docket No. ADKT 0522 (Order Amending the Rules of Civil Procedure, the Rules of Appellate Procedure, and the Nevada Electronic Filing and Conversion Rules, Dec. 31, 2018) ("[T]his amendment to the [NRCP] shall be effective prospectively on March 1, 2019, as to all pending cases and cases initiated after that date."). As is pertinent here, the claim, offer of judgment, trial, and motion for attorney fees were all initiated prior to March 1, 2019. Therefore, I use the version of the NRCP in effect at that time.

when evaluating whether Harrison acted in bad faith in rejecting the offer. Further, the circumstantial setting provides context when judging whether it was grossly unreasonable to reject the offer. *See, e.g., Yamaha*, 114 Nev. at 252, 955 P.2d at 673 (explaining that "offers [should not] have the effect of unfairly forcing litigants to forego legitimate claims" and remanding for the court to reweigh all four *Beattie* factors).

Luxor contends that failing to accept the offer was grossly unreasonable because either the case was brought in bad faith or it had no merit and Harrison knew as much. In essence, failing to accept *any* offer, even prior to the completion of discovery, was grossly unreasonable. However, the district court never made an oral or written finding or legal conclusion as to the elements of this factor. The very brief apparent reference to factor three in the order was that "[Harrison] was aware of the substantial defects in the case and still rejected Luxor's offer of judgment." Such a factual determination supports a conclusion that Harrison acted unreasonably. The supreme court in *Beattie*, however, has stated that a plaintiff must have acted in a grossly unreasonable way, or in bad faith—a much higher level of culpability than unreasonableness. Here, the district court never made a factual finding or a legal conclusion that it was grossly unreasonable or in bad faith for Harrison to reject the $1,000 offer in April 2017.

To show Harrison's decision was grossly unreasonable, Luxor needed to overcome this high hurdle. *See Assurance Co. of Am.*, 2012 WL 6626809, at 3. The amount of damages the plaintiff seeks and the need for discovery are considerations in deciding whether it is grossly unreasonable to reject an offer. *See Sands Expo & Convention Ctr., Inc. v. Bonvouloir*, No. 67091, 2016 WL 5867493 (Nev. Oct. 6, 2016) ("[The] decision to reject

the . . . offer in the face of extensive anticipated damages and on-going discovery does not appear grossly unreasonable."). In addition, as Harrison argues, and as stated earlier in this dissent when discussing the *Frazier* case, the policy behind offers of judgment is not to coerce plaintiffs into accepting token or low-ball offers when there is a viable case with potentially large damages. The district court needed to carefully analyze and explain why it was nonetheless grossly unreasonable or in bad faith to reject such an offer at that stage of the litigation. *See Frazier*, 131 Nev. at 643, 357 P.3d at 373.

Looking at the three factors as a whole, the district court impliedly found factor one favored Luxor but viewed the situation as it existed later in the proceedings, not when the complaint was filed, as required by *Beattie*. As to factor two, the court stated that discovery had not been completed and never concluded that the offer was extended in good faith or that it was reasonable as to timing or amount. As to factor three, the court failed to determine if the rejection of the $1,000 offer was grossly unreasonable or in bad faith.

Finally, it was critically important for the district court to make findings and legal conclusions to explain why a factor may outweigh another factor or is otherwise given more weight, because no single factor is determinative. *See Yamaha*, 114 Nev. at 252 n.16, 955 P.2d at 673 n.16 ("The district court is reminded that no one factor under *Beattie* is determinative, and that it has broad discretion to grant the request *so long as all appropriate factors are considered*." (emphasis added)). Merely "considering" the factors is not enough, as that is only part of the process. *See State Drywall, Inc. v. Rhodes Design & Dev.*, 122 Nev. 111, 119 n.18, 127 P.3d 1082, 1088 n.18 (2006) (holding the district court did not properly

consider the *Beattie* factors where the record did not reflect "what, if any, analysis was made" and recognizing that the record must reflect this analysis for the decision to be upheld).

Therefore, I conclude that the district court abused its discretion by failing to properly consider and apply the first, second, and third *Beattie* factors, to explain their interplay with each other, which itself was not supported by any findings, or to then determine and balance factor four, if the first three factors supported the discretionary award of attorney fees. A remand to apply the elements of each factor is necessary. Public policy also supports this conclusion, as litigants should not be coerced into settling cases because of the fear of large awards of attorney fees, which the court might determine months or years later, in hindsight, should be awarded because a token offer was reasonable. Further, cautioning the district courts to correctly apply *Beattie* has not been sufficient, as this case illustrates.[4] Allowing a court to impose a large, five-figure judgment against a party for attorney fees in a summary proceeding, when the court itself does not fully follow the correct procedure, is incompatible with justice. Making appropriate findings alleviates any such concern.

Therefore, I concur in part and dissent in part and would vacate the attorney fees award and remand this case to the district court to make

---

[4]*See Schwartz v. Estate of Greenspun*, wherein the supreme court stated in 1994 that it "caution[ed] the trial bench to provide written support under the *Beattie* factors for awards of attorney's fees made pursuant to offers of judgment even where the award is less than the sum requested," as "[i]t is difficult at best for this court to review claims of error in the award of such fees where the courts have failed to memorialize, in succinct terms, the justification or rationale for the awards." 110 Nev. 1042, 1050, 881 P.2d 638, 643 (1994).

findings as to each *Beattie* factor and then balance them to determine if a judgment for attorney fees should be entered.

_____, C.J.
Gibbons

COURT OF APPEALS
OF
NEVADA

(O) 1947B